# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS SCOTT STONE,<br><br>Plaintiff,<br><br>v.<br><br>CDC OFFICERS, *et al.*,<br><br>Defendants. | Case No.  1:24-cv-00253-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS DUPLICATIVE<br><br>(ECF No. 1)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Nicholas Scott Stone ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on February 26, 2024. (ECF No. 1.) Plaintiff's complaint is currently before the Court for screening.

**I.      Screening Requirement and Legal Standard for Duplicative Lawsuits**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii).

Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint that merely repeats pending or

1  previously litigated claims may be considered abusive and dismissed under § 1915.  *Cato*, 70
2  F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021.  "Dismissal of the duplicative lawsuit, more so than
3  the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the
4  comprehensive disposition of litigation."  *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684,
5  688, 692–94 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904
6  (2008).

To assess whether a claim is duplicative, courts use the test for claim preclusion.  "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."  *Adams*, 487 F.3d at 689 (citations omitted).  "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  *Id.* at 688 (internal quotations and citations omitted).

**II.    Plaintiff's Allegations**

Plaintiff is currently housed at California Correctional Institution in Tehachapi, California, where the events in the complaint are alleged to have occurred.  Plaintiff names as defendants: (1) CDC Officers; (2) CDC Medical Staff; and (3) Tehachapi Hospital.

Plaintiff alleges as follows:

The yard was ordered "down," and Plaintiff and everyone else complied.  As Plaintiff was in the prone position, spread out and face down, he was struck on the top of his head with a 40 mm round.  When yard was recalled, Plaintiff was ordered to walk back to his unit.  Plaintiff was unable to see correctly and bleeding profusely from the top of his head.  Plaintiff's medical needs were ignored by approximately 15 CDC Officers and 5 medical staff.  Plaintiff was placed in his cell and told medical would come and check on him.  Medical never treated Plaintiff.

Plaintiff was shot around 10:00 a.m., and around 5:30 p.m. at dinner, Plaintiff had to alert staff by going "man down."  Plaintiff was then taken to prison medical, where he was held for several hours until it was discussed by staff how it would be written up.  This is when Plaintiff objected and said "I don't care how you figure it out, I need to go to the hospital."  (ECF No. 1, p. 5.)  Plaintiff stated he just had brain surgery for the exact same thing.

Plaintiff requests the following relief: corrective surgery and compensation for pain and suffering.

### III.    *Stone v. Jane Doe, et al.*, Case No. 1:24-cv-00191-EPG (PC)

On February 12, 2024, Plaintiff filed *Stone v. Jane Doe, et al.*, Case No. 1:24-cv-00191-EPG (PC) ("*Stone I*").[1]  The complaint filed in *Stone I* includes two claims.  Plaintiff names as defendants: (1) Imad Abumeri, surgeon at Kern Nero Institute; (2) John Doe CDC Officers, California Correctional Institution; (3) Jane Doe CDC Medical Nurses, California Correctional Institution; (4) Jane Doe Nurses, Tehachapi Hospital; and (5) Jane Doe Nurses, Bakersfield Advantage.

In Claim I, Plaintiff alleges that around 10:00 a.m., while on the yard at Tehachapi CCI prison, the yard was ordered down.  While Plaintiff was in the prone position, he was struck in the head by a 40 mm round.  The round cut Plaintiff's head open, and left him in a dazed state.  This is the 2nd time he's been shot directly in the head.  When the yard was ordered up, inmates were ordered back to their housing unit.  In his daze, Plaintiff walked past several staff, both medical and officers, bleeding profusely.  Plaintiff was then searched by officers.  This is when Plaintiff made it clear he had a medical emergency.  Officers told Plaintiff that they would send medical for him.  Around 8 hours later at dinner, Plaintiff advised 3rd watch staff he would be going man down.  When asked what happened, Plaintiff stated he was shot in the head that morning.  Plaintiff sat for another 4 hours in medical until the call to send him to a higher level of medical care was made, due to the past injury to his head from a 40 mm round and brain surgery.  Plaintiff was treated at the hospital with staples and a CT scan.  The prison did no force report.  The Tehachapi hospital did the only report of the injury.  Plaintiff has requested these reports but has been denied.  Plaintiff filed several 602s with no response.  OIA was called but said Plaintiff refused the interview, which is false.  (*Stone I*, Compl., Docket No. 1, pp. 3–4.)

In Claim 2, Plaintiff alleges that this claim relates to the first time he was shot, and surgery was performed after over 12 hours without proper medical care.  Dr. Abumeri and staff alerted Plaintiff that he would need brain surgery.  Dr. Abumeri told Plaintiff, and the contract

---

[1] The Court takes judicial notice of the files in that case.  Fed. R. Evid. 201.

3

stated, there would be a small scar on the left side of head.  This is not what took place.  Additional things were done, which left Plaintiff deformed.  CDC officers had an obligation to see Plaintiff was given proper medical treatment.  Dr. Abumeri extremely botched the head surgery, leaving multiple deformities in the skull and on the head itself.  He has changed the right side of Plaintiff's face completely.  (*Stone I*, Compl., Docket No. 1, p. 4.)

## IV.   Discussion

The allegations in Claim 1 of the complaint in *Stone I* are nearly identical to the allegations in the complaint filed in the instant action.  Both cases include unnamed correctional officers, correctional medical staff, and staff at Tehachapi hospital as the defendants pertinent to the claim.  In both cases, Plaintiff alleges the same claim: that he was shot in the head with a 40 mm round while lying prone in the yard, was ignored by correctional officers and correctional medical staff even though he was bleeding profusely, had to go man down after not receiving medical attention for hours, and then waited for several more hours before being sent to the hospital for additional care because of his prior injury and brain surgery.

Therefore, the Court finds that this case is duplicative of Plaintiff's prior current pending case because the claims, parties, and requested relief do not significantly differ between the two actions.

## V.   Order

Based on the foregoing, it is HEREBY ORDERED that Plaintiff show cause why this action should not be dismissed as duplicative within **twenty-one (21) days** of the date of service of this order.  **Failure to comply with this order will result in dismissal of this action, with prejudice, as duplicative.**

IT IS SO ORDERED.

Dated:   **March 12, 2024**                    /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE